## 28529. NORMAN v. UNITED CITIES GAS COMPANY.

ARGUED JANUARY 15, 1974 — DECIDED FEBRUARY 18, 1974 — REHEARING DENIED MARCH 7, 1974.

*Palmour, Palmour & Lawson, James E. Palmour, III,* for appellant.

*Kenyon, Hulsey, Sims & Oliver, Julius M. Hulsey, Arthur K. Bolton, Attorney General,* for appellee.

GRICE, Presiding Justice. This is an appeal from an order of the Superior Court of Hall County granting the motion of the appellee United Cities Gas Company to dismiss the appellant Nathaniel Norman's class action, which sought to enjoin the enforcement of alleged unjust and unreasonable rates and delinquency charges for the sale of natural gas.

The trial court held in substance that it did not have jurisdiction of the subject matter and was without authority to establish or determine the reasonableness of rates, fares or service charges of the appellee public utility; that such authority was vested in the Georgia Public Service Commission; and that appellant and the class he alleged to represent had not exhausted their administrative remedies or shown injury or improper application of rates and charges.

We agree.

The Georgia Public Service Commission has jurisdiction over public utilities such as gas companies, and by statute is vested with sole authority to fix just and reasonable rates. Code §§ 93-304 through 93-307, as amended (Ga. L. 1972, p. 137).

The record shows that the rate structure for United Cities Gas Company was fixed by the Public Service Commission and that it authorized the charges, including late penalties, of which the appellant complains here. However, he failed to utilize in any way the administrative remedies available to him under Code Ch. 93-5, which sets out the procedures for hearings before the commission.

Therefore, the trial court correctly concluded that it lacked jurisdiction to determine the reasonableness of a public utility's rate structure, and that there was no basis for the class action nor for the intervention of equity. *Georgia Public Service Comm. v. General Telephone Co.,* 227 Ga. 727 (182 SE2d 793) (one Justice dissenting upon another ground).

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*