68703. BARLAND COMPANY v. BARTOW COUNTY BOARD OF TAX ASSESSORS.
(322 SE2d 316)

BANKE, Presiding Judge.

On or about October 1, 1982, the Bartow County Board of Tax Assessors mailed the appellant a notice of property tax assessment with respect to a certain parcel of land the appellant owned, indicating that the assessed fair market value of the property had been changed to $101,700 from a previous year's assessment of $807,553. The appellant subsequently received a property tax bill based on this new assessment and promptly paid it in full. In June of 1983, the appellant was mailed a "Corrected Assessment Notice to Correct Clerical Error," showing the 1982 fair market value to be $1,017,000. The appellant filed a timely appeal from this assessment; however, the case never came before the county board of equalization. Instead, the appellant and the board of tax assessors entered into a stipulation that "the board of equalization would adopt the position of the board of tax assessors, and that there is therefore no need to present this appeal to said board of equalization." Based on this stipulation, the appellant filed an appeal to superior court pursuant to OCGA § 48-5-311 (f) (1). The superior court accepted jurisdiction, and, following an evidentiary hearing, ruled in favor of the county. This appeal followed. *Held*:

The jurisdiction of the superior courts over property tax appeals

is set forth in OCGA § 48-5-311 (f) (1), as follows: "The taxpayer or, except as otherwise provided in this paragraph, the county board of tax assessors may appeal decisions of the county board of equalization to the superior court of the county in which the property lies." There is no authority for filing an appeal to superior court directly from a decision of the board of tax assessors, based on a stipulation as to what the decision of the board of equalization would have been had it rendered a decision in the case.

Jurisdiction over the subject matter of a case cannot be conferred by agreement or consent. *Sherrer v. Hale*, 248 Ga. 793, 797 (2) (285 SE2d 714) (1982); *Langston v. Nash*, 192 Ga. 427, 429 (2) (15 SE2d 481) (1941). See generally OCGA § 15-1-2. A judgment rendered by a court without jurisdiction of the subject matter is a nullity and is subject to reversal by the appellate courts on their own motion. *Undercofler v. Ernhardt*, 111 Ga. App. 598 (142 SE2d 317) (1965). The judgment of the trial court is accordingly reversed with direction that the appeal be dismissed.

*Judgment reversed with direction. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 7, 1984.

*William A. Neel, Jr.*, for appellant.
*G. Carey Nelson III*, for appellee.