A95A1423. GWINNETT COUNTY BOARD OF TAX ASSESSORS v. MAKITA CORPORATION OF AMERICA.
A95A1528. GWINNETT COUNTY BOARD OF TAX ASSESSORS v. MAKITA U.S.A., INC.
(460 SE2d 538)

BLACKBURN, Judge.
These two appeals are from the trial court's grant of summary

judgment in favor of Makita U.S.A., Inc., and its subsidiary, Makita Corporation of America (hereinafter collectively referred to as Makita) in their respective actions for exemption from ad valorem taxation. Both appeals have been consolidated because of the identical issues involved therein.

On April 1, 1993, a tax specialist employed by the parent corporation deposited in the corporation's mailbox two separate applications for freeport exemptions under OCGA §§ 48-5-48.1 and 48-5-48.2 for Makita's personal property located in Gwinnett County. The envelopes containing the applications were addressed to the appellant, Gwinnett County Board of Tax Assessors (Gwinnett BTA), and exhibited private postage meter stamps of April 1, 1993. The applications were not received by Gwinnett County BTA personnel until April 6, 1993, five days after the April 1 deadline provided on the request form and allowed by Gwinnett BTA. Both the Gwinnett BTA and the Gwinnett Board of Equalization denied the exemption because the applications were not timely received, but the superior court allowed the exemption.

Under OCGA § 48-5-48.1, any person, firm, or corporation seeking an exemption must file a written application with the tax commissioner in the year in which the exemption is sought but no later than the date on which the commissioner closes the books for the return of taxes. The failure to properly file the application waives the exemption. OCGA § 48-5-48.1 (c). Although neither the statute nor the chapter of the Code concerning ad valorem taxation defines the term "filed," it has long been recognized under Georgia law that a document is considered filed when it is delivered to and received by the proper official to be kept on file. *Valentine v. Hammill*, 258 Ga. 582 (372 SE2d 435) (1988). Since the statute provides for an exemption from taxation, it must be strictly construed. *Brandywine Townhouses v. Joint City-County Bd. of Tax Assessors*, 231 Ga. 585 (203 SE2d 222) (1974).

It is undisputed that the Gwinnett County commissioner closes the books for the return of taxes on the first day of April of each year. It is likewise undisputed that the tax specialist employed by the parent corporation deposited the envelopes containing the exemption applications in Business Assets Reporting Forms 101 in the corporation's mailbox on April 1, 1993. The cover of both Business Reporting Forms specifically conspicuously delineates — in capitalized white lettering on a black background — that the forms should be filed on or before April 1, 1993. The back of the front cover of the forms further states that the form must be completed and returned by April 1, 1993, that no extensions of time are granted for returning the application, and that the applicant should use certified mail as proof that the application was returned by the due date. In addition, the top of the

application for the freeport exemption specifically provides in bold print: **"THIS FORM MUST BE RETURNED TO THIS OFFICE BY APRIL 1, 1993 TO RECEIVE EXEMPTION. FAILURE TO FILE WITHIN THIS TIME PERIOD WILL AUTOMATICALLY VOID THE EXEMPTION REQUEST, AS PER CODE 48-5-48.1, 48-5-48.2."** The last page of the form additionally indicates in two separate places that the form should be filed by and returned to Gwinnett BTA by April 1, 1993. Page three of the form further provides that "[l]istings submitted by mail shall be deemed to be filed when received in the office of the assessor."

An employee of the Gwinnett BTA averred that under the internal policy of the board, which is contained in its rules and regulations, an application for exemption is accepted as timely filed if it is postmarked with a U. S. postal stamp by April 1, 1993. It was also the policy of the Gwinnett BTA to accept a cancellation strike with an accompanying date as evidence of the filing of the request. The Gwinnett BTA did not accept private meter stamps as evidence of proof of mailing of the application. Makita's freeport exemption applications were not received until April 6, 1993, and the envelopes containing the applications were not imprinted with a U. S. Postal Service postmark but contained private postage meter stamps dated April 1, 1993.

The evidence of record does not show that Makita returned the application to Gwinnett BTA on or before the April 1, 1993, due date or otherwise complied with the Gwinnett BTA's internal policy. The only proof presented that the application was mailed on the due date is the affidavit of the tax specialist who averred that she placed the envelope in the mailbox located in the corporation's home office in California. As the appellant before the superior court, the burden of proof was on Makita to show that the applications were timely filed in light of the applicable statutory provisions, Gwinnett BTA's rules and regulations, and the business assets form, which clearly mandated the return of or mailing of the application by certified mail by April 1, 1993. See *Georgian Art Lighting Designs v. Gwinnett County Bd. of Tax Assessors*, 211 Ga. App. 510 (439 SE2d 687) (1993). The record indisputably shows that Makita failed to do so. Gwinnett BTA specifically requires evidence of a U. S. postal service postmark to show that an exemption application was *mailed* timely and Makita's evidence was insufficient to establish that fact. See *DeKalb County Bd. of Tax Assessors v. Lanier Worldwide*, 208 Ga. App. 435 (430 SE2d 595) (1993). Consequently, the trial court erred in concluding that Makita was entitled to freeport exemptions from ad valorem taxation and erred in granting summary judgments in favor of Makita on this issue.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

Decided July 7, 1995 —
Reconsideration denied July 26, 1995 —

Karen G. Thomas, Caryl B. Sumner, for appellant.
Ragsdale, Beals, Hooper & Seigler, D. Kent Beals, Gary W. Hatch, for appellee.