A98A1818. ROCKDALE COUNTY et al. v. FINISHLINE INDUSTRIES, INC. OF GEORGIA.

(518 SE2d 720)

BLACKBURN, Presiding Judge.

Rockdale County and Rockdale County Tax Commissioner (referred to collectively as the County) appeal the trial court's order in which it granted a Freeport tax exemption pursuant to OCGA § 48-5-48.1 to Finishline Industries, Inc. of Georgia (Finishline). Finishline brought the underlying action in equity seeking a determination that it was entitled to a Freeport exemption and that the County

was enjoined from collecting additional taxes. For the reasons set forth below, we reverse the trial court.

In the trial court's findings of fact, which are not disputed by the parties, it found that Finishline did not file a 1996 personal property report or return or an application for a Freeport exemption for any personal property located on its premises by the filing deadline. It further found that Finishline did not receive a report form from the County as it had in prior years to use for applying for a Freeport exemption. Finishline took no action with regard to its 1996 ad valorem taxes until it received a tax bill in September 1996, when it contacted the Rockdale County Board of Tax Assessors and complained that it had not received a Freeport exemption application or personal property report form. Finishline requested that the Board accept a late application; however, such request was denied as being outside the Board's authority. Thereafter, Finishline filed the underlying action seeking equitable relief.

1. The burden of timely filing the application for Freeport exemption lies with Finishline. Finishline's failure to satisfy its burden of proving that it timely filed for such exemption, precludes its entitlement thereto. Applications for Freeport exemptions and personal property report forms are required by law to be furnished by the tax commissioner and filed by the date on which the tax commissioner closes the books. See OCGA § 48-5-48.1 (a). This Court strictly enforces the required filing deadline. See *Gwinnett County Bd. of Tax Assessors v. Makita Corp.*, 218 Ga. App. 175, 177 (460 SE2d 538) (1995). In *Makita Corp.*, we reversed the trial court's determination that Makita was entitled to a Freeport exemption from ad valorem taxation because Makita failed to prove that it had timely applied for such exemption. In the present case, it is undisputed that the filing deadline of April 1, 1996, was not met by Finishline. Additionally, although the County is required to *furnish* the report forms, the tax code does not require that the County mail the report forms to taxpayers, or to insure delivery thereof if mailed. The County is required only to make such forms available. There is no evidence in the record that the forms were not available to Finishline by requesting them from the County. We further note that the trial court found that the County contends that it sent a Freeport application form and a personal property report form to the same address as that used for the tax bill, which was received by Finishline.

The statute imposes a duty on the taxpayer to file a timely return. See OCGA § 48-5-48.1. The risk of relying on the U. S. Post Office to deliver forms mailed by the State is on the taxpayer. Any failure to receive the application for Freeport exemption form does not excuse the taxpayer from meeting its burden to file the application, anymore than a failure to receive a state or federal income tax

return form would excuse the taxpayer from filing such return. Finishline failed to comply with its statutory duty and, therefore, is not entitled to a Freeport tax exemption for tax year 1996.

2. The trial court determined that Finishline took no action to appeal or otherwise obtain review of the notice of assessment as permitted by law. Two avenues of review are permitted by law in order to obtain relief from an improper tax assessment: (1) Finishline could have appealed the notice of assessment pursuant to OCGA § 48-5-311 which allows appeals "as to matters of taxability, uniformity of assessment, and value"; or (2) Finishline could have paid the amount assessed and sought a refund pursuant to OCGA § 48-5-380 which provides for refunds of taxes "erroneously or illegally assessed." Either statute provides an adequate remedy at law to contest a tax assessment. See *Marconi Avionics v. DeKalb County*, 165 Ga. App. 628, 630 (302 SE2d 384) (1983) ("taxpayer need not comply with the appeal procedure provided in OCGA § 48-5-311 (e) . . . prior to proceeding under OCGA § 48-5-380") and *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 210 (367 SE2d 43) (1988) ("OCGA § 48-5-311 provides a statutory appeal system which authorizes any taxpayer to appeal from an assessment by the county board of tax assessors 'as to matters of taxability, uniformity of assessment, and value' ").

> In numerous cases [the Supreme Court of Georgia has] held that a superior court should not exercise its equitable jurisdiction in tax assessment cases to address issues concerning valuation, taxability, uniformity, and constitutionality, including the constitutionality of appraisal methods. *Wilkes v. Redding*, 242 Ga. 78, 79 (247 SE2d 872) (1978); *Barr v. Jackson County*, 238 Ga. 332 (232 SE2d 923) (1977); *Tax Assessors v. Chitwood*, 235 Ga. 147, 153-154 (218 SE2d 759) (1975); *Chilivis v. Backus*, 236 Ga. 88, 90 (222 SE2d 371) (1976). [They] held that a taxpayer may raise such issues in a statutory appeal, and that such appeals constitute an adequate remedy at law, precluding the court's exercise of its equitable powers. *Wilkes*, supra, 242 Ga. at 79. These cases establish that as a matter of policy and judicial economy ad valorem tax disputes should be resolved first at the local level through the appeal procedures created specifically for that purpose.

*City of Atlanta v. North By Northwest Civic Assn.*, 262 Ga. 531, 535-536 (422 SE2d 651) (1992).

In the present case, Finishline contends that the County waived the ability to argue its failure to pursue administrative remedies

because it did not raise this issue in the trial court. Finishline's contention is without merit because subject matter jurisdiction of a court is not a matter which can be waived.

> [P]arties cannot by waiver or consent confer equity jurisdiction on a court where it is otherwise without jurisdiction. . . . [E]quitable relief is improper if the complainant has a remedy at law which is adequate, i.e., as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.

(Punctuation omitted.) *Sherrer v. Hale*, 248 Ga. 793, 797-798 (2) (285 SE2d 714) (1982).

Adequate remedies at law were available to Finishline. See *North By Northwest,* supra. Therefore, the trial court was without subject matter jurisdiction to adjudicate Finishline's equitable claims.

*Judgment reversed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 27, 1999 —
RECONSIDERATION DENIED JUNE 9, 1999 — CERT. APPLIED FOR.

*Maddox, Starnes & Nix, John A. Nix, Thomas A. Bowman, Robert L. Zoeckler,* for appellants.

*Serio & Swilley, Salvatore J. Serio,* for appellee.