S06G0162. BARNES et al. v. CITY OF ATLANTA.
(637 SE2d 4)

CARLEY, Justice.

In 1999, a group of attorneys (named plaintiffs) who maintain offices and practice law in the City of Atlanta demanded, pursuant to OCGA § 48-5-380, a refund of occupation taxes which had been imposed by the City and paid by them during the previous three years. More than one year later, the named plaintiffs filed a class action complaint against the City, alleging that the tax was an unconstitutional regulation of the practice of law and seeking a refund of taxes paid. The trial court entered a class certification order that divided the affected attorneys into Class II, the members of which had already demanded a refund under OCGA § 48-5-380, and Class I, whose members had not. The trial court subsequently

granted summary judgment in the plaintiffs' favor on the constitutional issue. On appeal, we held that the City's occupation tax ordinance was unconstitutional to the extent that it included lawyers, and that a class action for tax refunds pursuant to OCGA § 48-5-380 was appropriate. *City of Atlanta v. Barnes*, 276 Ga. 449 (578 SE2d 110) (2003) (*Barnes I*). Upon remand, the trial court: held that the Class I members still had to exhaust their administrative remedies; eventually re-certified Class I so as to permit class counsel to request tax refunds on behalf of Class I members; held that Class I could only recover refunds for the three years preceding the re-certification, as the limitations period was not tolled upon the filing of the complaint; and, held that those lawyers who opted out of their class would not be responsible for the attorney's fees of class counsel. The Court of Appeals affirmed the trial court's judgment with respect to each of these rulings. *Barnes v. City of Atlanta*, 275 Ga. App. 385 (620 SE2d 846) (2005) (*Barnes II*). We granted certiorari to review the Court of Appeals' decision.

1. "A common thread running through the plaintiffs' arguments is that the pre-litigation claim for a refund contemplated by OCGA § 48-5-380 is not applicable to the claims of the Class I taxpayers . . . ." *Barnes II*, supra at 387 (1) (a). In the Court of Appeals, the plaintiffs, relying on *Barnes I*, contended that the statutory requirement for an administrative demand "was inapplicable because their claim was brought as a class action." *Barnes II*, supra at 388 (1) (a). The Court of Appeals concluded that,

> while a class action could supplement OCGA § 48-5-380 with respect to the claims of Class II, the plaintiffs cannot look to *Barnes* [*I*] as authority for employing a class action to circumvent the statutory requirements which had yet to be satisfied by members of Class I.

*Barnes II*, supra at 389 (1) (a).

In our prior opinion, however, we held that OCGA § 48-5-380 does not "provide for the form of action to be utilized. By participating as a plaintiff in a class action that includes a claim for a tax refund, a taxpayer is unquestionably bringing an action for a refund, which is what the statute permits." *Barnes I*, supra at 452 (3). Compare *Sawnee Elec. Membership Corp. v. Ga. Dept. of Revenue*, 279 Ga. 22, 25 (3), fn. 1 (608 SE2d 611) (2005) (former OCGA § 48-2-35 (b) (5), now designated subsection (c) (5), superseded *Barnes I* only as to refund claims against the State). Thus, any taxpayer whom the named plaintiffs represent and who does not ultimately opt out of the class action is considered to have brought suit for a refund at the same time as the named plaintiffs. Although OCGA § 48-5-380 is applicable to

that suit, so too are those principles which apply generally in class actions, including that which permits a representative to act on behalf of an entire class. Where, as here, "exhaustion of administrative remedies is a precondition for suit, the satisfaction of this requirement by the class plaintiff normally will avoid the necessity for each class member to satisfy this requirement individually." 2 Newberg on Class Actions § 5:15, p. 438 (4th ed. 2002). Decisions to the contrary, such as *U. S. Xpress v. State of New Mexico*, 136 P3d 999 (N.M. 2006), are "based on genuinely unique statutory requirements." 2 Newberg, supra at 440. OCGA § 48-5-380, unlike certain tax refund statutes, neither prohibits utilization of a class action, nor expressly requires individual exhaustion of administrative remedies. See *Arizona Dept. of Revenue v. Dougherty*, 29 P3d 862, 869 (B) (Ariz. 2001). Compare OCGA § 48-2-35 (c) (5).

Persuasive authority strongly supports the proposition that the administrative claims of named plaintiffs ordinarily satisfy the exhaustion requirement in tax refund class actions. *Arizona Dept. of Revenue v. Dougherty*, supra; *Bailey v. State of North Carolina*, 500 SE2d 54, 73-75 (V) (N.C. 1998).

> Courts justify the requirement of exhaustion on grounds that it permits the administrative agency to "perform functions within its special competence — to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." [Cit.] Exhaustion, they say, both protects the administrative agency's authority and promotes judicial efficiency. [Cit.] . . . . With the exception of giving early warning to the state [or local government] of its potential liabilities, the interests served by requiring exhaustion are not strong in cases that challenge the constitutionality of state [or local] taxes. Factual disputes in such cases are minimal or non-existent, and the agency has no expertise in the area.

John F. Coverdale, *Remedies for Unconstitutional State Taxes*, 32 Conn. L. Rev. 73, 117 (V) (B) (3) (2000). Thus, the most important factor in applying the administrative exhaustion requirement to cases involving the constitutionality of taxes is the state or local government's need for early notice of its potential liability. In this case, when the administrative claims were filed by the named plaintiffs, and certainly by the time the lawsuit was filed thereafter, the City was aware of a constitutional challenge to the validity of its occupation tax ordinance, and should have been fully aware of the number of attorneys who paid the tax. *Bailey v. State of North Carolina*, supra at 75 (V). Therefore, the City had notice that the

ordinance "was potentially unconstitutional and had the opportunity to budget for such a contingency." *Bailey v. State of North Carolina,* supra. We have already determined that the City unconstitutionally regulated the practice of law. *Barnes I,* supra at 450 (1). Such a determination does not discriminate between those who individually demanded a refund "and those who did not. The [City] unconstitutionally collected taxes from *all* of these individuals." (Emphasis in original.) *Bailey v. State of North Carolina,* supra. Limiting recovery only to those taxpayers with the foresight to have demanded a refund is "untenable in a case such as this, where the matter is of constitutional import and where, in practical consequence, the purpose of the [ordinance] was realized." *Bailey v. State of North Carolina,* supra.

The City contends that such treatment of the administrative exhaustion requirement is not proper in this case, even if it is appropriate for future cases in which the recently amended version of the class action statute will apply. See current OCGA § 9-11-23 (c) (explicitly setting forth certain notice requirements and prohibiting the alteration of a class after a decision on the merits). The City argues that it relied on the unappealed original certification order, on the failure to give notice and amend the certification for two years, and on *Barnes I,* where this Court construed the trial court's ruling with regard to tolling of the statute of limitations as applying only to Class II members, since "it was based on the date of the refund demand by the Class Two plaintiffs, and the following paragraph expressly denied certification of the Class One plaintiffs as to the refund claim." *Barnes I,* supra at 454 (5). In so holding, however, we did not in any way address the merits of certification of the Class I refund claims. Furthermore, the original class certification order was neither final nor otherwise immediately appealable as a matter of right, the plaintiffs were not required to seek an interlocutory appeal therefrom, and they are permitted to raise the trial court's rulings on certification in this appeal. OCGA § 5-6-34 (d); *Stevens v. Thomas,* 257 Ga. 645, 648 (2) (361 SE2d 800) (1987); *Aetna Casualty & Surety Co. v. Cantrell,* 197 Ga. App. 672 (1) (399 SE2d 237) (1990). Compare current OCGA § 9-11-23 (g); *Hutchison v. Nat. Services Indus.,* 191 Ga. App. 885, 886 (1) (383 SE2d 212) (1989).

We have already held that our ruling on the unconstitutionality of the occupation tax ordinance should be applied retroactively to all viable class action tax refund claims. *Barnes I,* supra at 452 (4). Contrary to the City's argument that recognition of the Class I refund claims would constitute a surprise and threaten to undermine its fiscal stability,

> financial hardship . . . alone [does not] justify prospective application. . . . [The City] was clearly aware of the ruling in

> *Sexton* [*v. City of Jonesboro*, 267 Ga. 571 (481 SE2d 818) (1997)] and could have chosen a tax scheme that did not act as a precondition to the practice of law . . . , but did not. In addition, . . . [the City] has had the use of the money it collected under the occupation tax ordinance and the lawyers from whom it was collected have lost that use.

*Barnes I*, supra at 453 (4). Thus, the City's reliance on *Barnes I* and on the trial court's orders is misplaced.

Accordingly, when the trial court correctly amended its certification order to include the refund claims of the Class I plaintiffs, it erroneously failed to recognize that the filing of the refund claims in the trial court by named plaintiffs who had exhausted their administrative remedies satisfied the exhaustion requirement on behalf of the Class I plaintiffs. Therefore, OCGA § 48-5-380 (b) bars the refund claims of the Class I members only for those taxes that were paid more than three years before the date on which the named plaintiffs filed the complaint in this case. The issue of class counsel's authority to make an administrative demand on behalf of Class I members after certification is moot.

2. With respect to attorney's fees, Georgia adheres to the common-fund doctrine.

> The common-fund doctrine is an exception to the general rule that each litigant must pay his own attorney fees. It provides that a person who at his own expense and for the benefit of persons in addition to himself, maintains a successful action for the preservation, protection or creation of a common fund in which others may share with him is entitled to reasonable attorney fees from the fund as a whole. [Cits.] "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." [Cit.]

*State of Ga. v. Private Truck Council of America*, 258 Ga. 531, 534-535 (5) (371 SE2d 378) (1988). See also *Friedrich v. Fidelity Nat. Bank*, 247 Ga. App. 704, 705 (545 SE2d 107) (2001). The Court of Appeals upheld the trial court's decision not to apply the common-fund doctrine on the basis that class counsel delayed in giving notice of the opportunity to opt out and that their efforts regarding the refund claims failed to benefit Class I plaintiffs. *Barnes II*, supra at 393-394 (2). As we held above in Division 1, however, class counsel's filing of this refund action in the trial court on behalf of all class members satisfied the requirement for exhaustion of administrative remedies.

By both prevailing on the constitutional issue and preserving all refund claims based on the unconstitutionality of the ordinance, class counsel benefitted all class members with regard to their refund claims. Furthermore, the delay in giving the opt-out notice was not prohibited by former OCGA § 9-11-23 and did not prejudice the class members. Under these circumstances, requiring them to pay for the work of class counsel for the common benefit does not unduly burden the right to opt out. See *In re Linerboard Antitrust Litigation*, 292 FSupp.2d 644, 662-663 (III) (A) (4) (E.D. Pa. 2003). Therefore, we hold that those taxpayers who opt out would be unjustly enriched if they were not required to pay attorney's fees through the common fund.

*Judgment reversed. Sears, C. J., Benham, Thompson, and Hines, JJ., and Judge Adele Grubbs and Judge Robert J. Castellani concur. Hunstein, P. J., and Melton, J., not participating.*

DECIDED OCTOBER 16, 2006 —
RECONSIDERATION DENIED NOVEMBER 20, 2006.

*Winburn, Lewis & Stolz, Irwin W. Stolz, Decker, Hallman, Barber & Briggs, Robert D. Feagin*, for appellants.
*Linda K. DiSantis, Lemuel H. Ward*, for appellee.