## A08A2072. HOOTEN et al. v. THOMAS et al.
(677 SE2d 670)

BARNES, Judge.

Denver C. Hooten, individually and in her capacity as Tax Director of Dougherty County, and William Ashberry, J. Dell Bush, Donald Butts, Bruce Gunnels, and William Johnson, in their capacities as members of the Board of Tax Assessors, Dougherty County (hereinafter "Hooten") appeal from the order of the trial court denying their motion to dismiss the complaint brought by 14 owners (hereinafter "Taxpayers") of real property in Dougherty County following a tax revaluation.[1] Hooten contends that the trial court erred in finding that the Taxpayers' complaint contained claims for which relief could be granted either outside of the statutory appeal process of OCGA § 48-5-311 or related to the approval of the tax digest and collection of taxes. Upon review, and for the reasons that follow, we reverse.

In 2007, the Dougherty County Board of Tax Assessors made a county-wide revaluation of real property, and the County Board of Commissioners entered into a contract with Tyler CLT ("Tyler") of Dayton, Ohio, to do the field work, data compilation, computer programming, and assessment studies to complete the revaluation. Tyler reported directly to the Board of Tax Assessors.

---

[11] *Agnes Scott*, supra, at 622-623 (1).
[1] Richard R. Thomas, Fred Carter, Lonnie H. Smith, Dottie Smith, Judy Lee, Michael Smith, C. W. Hopkins, Curtis H. Smith, John O'Brien, Jerry Brooks, Doug Miller, Hilton Merchant, Wayne Carter, Tim Coley, and Cecil Musgrove.

488

Following the revaluation, approximately 5,400 taxpayers filed appeals of their 2007 tax assessments. At the initial time for submission of the tax digest, the number of appeals exceeded the statutory percentages set by OCGA § 48-5-304 allowed for state approval, but the percentage had dropped below the statutory threshold before Hooten submitted the digest to the state.[2] The State Revenue Commissioner approved the 2007 digest for collection purposes in November 2007, and tax bills were mailed to taxpayers.

The Taxpayers filed a complaint for declaratory judgment, injunctive relief and class certification alleging that the revaluation was "unconstitutional, illegal, null and void." The original complaint alleged 14 counts for relief regarding issues related to the valuation of the property, and the uniformity of the tax assessment. The Taxpayers also complained about procedural irregularities, and alleged due process and constitutional violations. Hooten filed a motion to dismiss for failure to state a claim for which relief can be granted, maintaining that the Taxpayers had an adequate remedy at law in the form of an appeal to the Board of Tax Equalization ("BOE") pursuant to OCGA § 48-5-311. The Taxpayers amended the complaint, essentially alleging discriminatory practices in the assessment of business property as opposed to personal property, and alleging that the policy of allowing the BOE to decide constitutional issues was unconstitutional.

Following a hearing on the motion to dismiss, the trial court denied the motion, finding only that the "[c]omplaint, as amended, contains Counts which would entitle [the Taxpayers] to relief." Hooten petitioned and received a certificate of immediate review, and this Court granted his application for interlocutory appeal.

---

[2] Pursuant to OCGA § 48-5-304 (a), the State Revenue Commissioner is not required to disapprove or withhold approval of the digest of any county solely because appeals have been filed or arbitrations demanded on the assessment of any property or number of properties in the county. In such cases, the assessment or assessments fixed by the board of tax assessors shall be listed together with the return value on the assessments and forwarded in a separate listing to the commissioner at the time the digest is filed for examination and approval. The commissioner shall not approve any digest when the assessed value that is in dispute for any property or properties on appeal or in arbitration exceeds 3 percent of the total assessed value of the total taxable tangible digest of the county for the same year. In any year when a complete revaluation or reappraisal program is implemented, the commissioner shall not approve a digest when 5 percent or more of the property by assessed value in dispute is in arbitration or on appeal and 5 percent or more of the number of properties is in arbitration or on appeal. When the assessed value in dispute on any one appeal or arbitration exceeds 1.5 percent of the total assessed value of the total taxable digest of the county for the same year, such appeal or arbitration may be excluded by the commissioner in making his or her determination of whether the digest may be approved under the limitations of the Code section.

Hooten contends that the trial court erred in denying the motion to dismiss by finding that some counts of the Taxpayers' complaint contained claims for which relief could be granted outside of the statutory appeal process of OCGA § 48-5-311.[3]

OCGA § 48-5-311 (e) through (g) govern the appeal procedures for tax assessments and denials of homestead exemptions. The taxpayer must first file an administrative appeal with the BOE or submit the appeal to arbitrators. OCGA § 48-5-311 (e), (f). An adverse decision from either the BOE or arbitrators may then be appealed to the superior court. OCGA § 48-5-311 (g). If the taxpayer has failed to exhaust his or her administrative remedies in accordance with OCGA § 48-5-311, however, the superior court is without subject matter jurisdiction to decide the appeal. *Barland Co. v. Bartow County Bd. of Tax Assessors*, 172 Ga. App. 61 (322 SE2d 316) (1984). This procedure provides an expedited process of review in an informal administrative proceeding, which "is intended to provide the most expeditious resolution of a taxpayer's dissatisfaction with an assessment, preferably before taxes are paid." *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645, 646 (458 SE2d 632) (1995). In keeping with these principles,

both this Court and the Supreme Court of Georgia have consistently held that the board of equalization is the appropriate forum for deciding not only questions of uniformity, valuation, and taxability, but also a taxpayer's questions addressing constitutional and procedural issues.[4] These cases establish that as a matter of public policy and judicial economy, tax questions should be resolved first at the local level through the appeal procedures created specifically for that purpose. Moreover, it is well established that an appeal before the board of equalization provides an adequate remedy at law for the determination of county taxpayers' questions, making unnecessary the exercise of the equitable powers of the superior court.

(Footnotes omitted.) *Chatham County Bd. of Assessors v. Jepson*, 261 Ga. App. 771, 771-772 (1) (584 SE2d 22) (2003). The superior court's jurisdiction to decide issues raised by tax appeals is limited to those

---

[3] "Any resident or nonresident taxpayer may appeal from an assessment by the county board of tax assessors to the county board of equalization or to an arbitrator or arbitrators as to matters of taxability, uniformity of assessment, and value, and, for residents, as to denials of homestead exemptions." OCGA § 48-5-311 (e) (1) (A).

[4] See *Wilkes v. Redding*, 242 Ga. 78, 79 (247 SE2d 872) (1978); *Dillard v. Denson*, 243 Ga. App. 458, 460 (533 SE2d 101) (2000); *Arnold v. Gwinnett County Bd. of Tax Assessors*, 207 Ga. App. 759 (429 SE2d 146) (1993).

cases which come through OCGA § 48-5-311 (g). *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 405, 408 (2) (a) (523 SE2d 600) (1999).

After careful review of the record, we find that the plaintiffs have an adequate remedy at law before the BOE for their relief. In substance, the complaint alleged as follows: In Count 2, the Taxpayers contend that the methodology used to value rental property by Tyler yielded revaluations that exceeded the fair market values and that were "comprehensively flawed." In Count 3, the Taxpayers contend that Tyler inaccurately appraised the fair market value of commercial, agricultural, and rural properties. Count 4 alleges that Tyler failed to follow the procedural manual of the Department of Revenue, OCGA § 48-5-269.1, which rendered the valuations illegal. Counts 5, 6, and 7 as amended, allege, in substance, that the contract between the Dougherty County Board of Commissioners and Tyler to conduct the revaluation violated the uniformity clause of the Georgia Constitution, Art. VII, Sec. I, Par. III because it was limited to real estate, excluding the personal property of businesses and utilities and the real estate of utilities. It also asserts that the County Commission had no authority to contract with Tyler, and that the contract was null and void and entering into it constituted an ultra vires act.

Count 8 alleges that Hooten improperly attained approval of the tax digest given that "5% or more of the property by assessed value in dispute is in arbitration or on appeal." Count 9, as amended, alleges that the notices of new assessment failed to include a simple, nontechnical description of the basis for the new assessment, and failed to justify increases.

Counts 10, 11, and 12, as amended, contend that the hearing procedures of the BOE are fundamentally unfair, deny the Taxpayers a fair hearing, and prevent them from exercising their right to appeal to arbitration. Count 13 alleges that the method of appointing additional members to BOE panels raised an appearance of impropriety and is therefore suspect, and Count 14 contends that it is illegal to send tax bills to persons still having appeals pending in the statutory appeals process.

Counts 15, 16, 17, and 18, all added by amendment, allege violations of the uniformity and equal protection clauses of the state and federal constitutions related to the taxation of only holders of real property, and alleging that Hooten's policy of authorizing BOE members to decide constitutional issues is unconstitutional.

As stated previously, both this Court and the Supreme Court have found that the BOE is the appropriate forum for initially deciding constitutional and procedural issues that involve tax assessments. See *Wilkes v. Redding*, 242 Ga. 78, 79 (247 SE2d 872) (1978);

*Dillard v. Denson*, 243 Ga. App. 458, 460 (533 SE2d 101) (2000); *Arnold v. Gwinnett County Bd. of Tax Assessors*, 207 Ga. App. 759 (429 SE2d 146) (1993). Procedural errors in the valuation of property as well as errors in the methodology used to value the property must be first addressed in the statutory administrative appeals process. OCGA § 48-5-311 (e)-(g). Our decision in *Dougherty County Bd. of Equalization v. Casto Dev. Co.*, 228 Ga. App. 293 (491 SE2d 483) (1997) does not require a different result. That case involved an appeal following a superior court decision reviewing an administrative appeal and ruling by the BOE. In this case, the Taxpayers' contentions regarding inaccuracies in the appraised fair market value of commercial, agricultural, and rural properties in relation to the assessment on their real property clearly involve valuation and uniformity which must be first addressed in the statutory administrative appeals process.

The Taxpayers amended Counts 5, 6, and 7 to allege that the contract between the Dougherty County Board of Commissioners and Tyler to conduct the revaluation violated the uniformity clause of the Georgia Constitution, Art. VII, Sec. I, Par. III. However, the claims raised in the complaint only concerned the assessment of ad valorem taxes, and the uniformity of assessment, which must first be addressed in the statutory administrative appeals process. *Parisian, Inc. v. Cobb County Bd. of Tax Assessors*, 263 Ga. App. 332 (587 SE2d 771) (2003) and *Fulton County Bd. of Assessors v. Saks Fifth Ave.*, 248 Ga. App. 836 (547 SE2d 620) (2001) (physical precedent only) are clearly distinguishable as those cases involved multi-year tax audits, not the uniformity of a county-wide assessment.

Likewise, Count 9, which alleges that the notices of new assessment failed to include a simple, nontechnical description of the basis for the new assessment, must first be raised during the administrative appeal procedure. See *Chatham County Bd. of Assessors*, supra, 261 Ga. App. 771. To the extent the Taxpayers contend that the tax digest was improperly submitted, the authority to disapprove or withhold approval of the digest of any county lies solely with the Tax Commissioner who was not a party to this action. OCGA § 48-5-304.

Amended Counts 10, 11, and 12 in essence complain that the hearing procedures of the BOE are fundamentally unfair and deny taxpayers a fair hearing. However, these allegations sound in constitutional due process claims which again must be first raised in the administrative appeal process. *Chatham County Bd. of Assessors*, supra, 261 Ga. App. at 772. Further, the Taxpayers' contention that they have been prevented from exercising their right to appeal to arbitration can be raised before the BOE prior to the filing of a claim in the superior court. With regard to the appointment of additional members to panels of the BOE, BOE members may be challenged on

their qualifications in the statutory appeals process. See *Murray v. Richardson*, 134 Ga. App. 676, 677-678 (4) (215 SE2d 715) (1975) (challenge to qualifications of BOE member too late at jury trial; should have been challenged in statutory appeals process) (decided under former Code 1933, § 92-6912).

Although the Taxpayers allege that it was illegal to send tax bills to persons still having appeals pending in the statutory appeals process, the pre-deprivation remedy provided in the statutory appeals process, which allows the taxpayer to pay less than the full amount of the tax assessed during the appeal process (OCGA § 48-5-311 (e) (6) (D) (iii) (I)), and the post-deprivation remedy, which provides a refund in the event the tax assessor loses in the appeals process (OCGA § 48-5-311 (e) (6) (D) (iii) (II)), meet federal and state due process requirements.

Regarding the Taxpayers' complaint about Tyler's method in assessing the property values, in *Wade v. Ray*, 234 Ga. 234 (1) (214 SE2d 923) (1975), the Supreme Court of Georgia held that as a taxpayer's complaint about the method used to assess his property was constitutional and his assessment appealable under the predecessor to OCGA § 48-5-311, equitable relief was precluded by the existence of an adequate remedy at law. Further, in *City of Atlanta v. North by Northwest Civic Assn.*, 262 Ga. 531 (422 SE2d 651) (1992), our Supreme Court reversed the trial court's grant of declaratory and injunctive relief based on the Association's contention that the city and county-wide reappraisal performed by a contractor used methods that violated due process and equal protection. The Court said, "We have held that a taxpayer may raise such issues in a statutory appeal, and that such appeals constitute an adequate remedy at law, precluding the court's exercise of its equitable powers." (Citation omitted.) Id. at 536 (3). "If the board fails to answer some of the questions submitted, such failure may be enumerated as error on the de novo appeal." *Wilkes*, 242 Ga. at 79-80.

In this case, the Dougherty County Board of Tax Equalization has full authority over the Taxpayers' grievances regarding the valuation of their individual parcels of land, the uniformity of the county tax assessments and all other issues presented in their complaint. Therefore, the superior court erred in denying Hooten's motion to dismiss.

*Judgment reversed. Miller, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 26, 2009 —
RECONSIDERATION DENIED APRIL 14, 2009 —

*Hulsey, Oliver & Mahar, Julius M. Hulsey, Jane A. Range*, for appellants.

*Burt & Burt, Hilliard P. Burt*, for appellees.