In the Supreme Court of Georgia

Decided: July 8, 2016

S15G1295. BICKERSTAFF v. SUNTRUST BANK.

Benham, Justice.

Appellee SunTrust Bank created a deposit agreement to govern its relationship with its depositors that permits an individual depositor to reject the agreement's mandatory arbitration clause by giving written notice by a certain deadline, containing certain identifying information such as name and account number. SunTrust claims it drafted the arbitration clause in such a way that only an individual depositor may exercise this right to reject arbitration on his or her own behalf, thereby permitting that individual to file only an individual lawsuit against the bank. But SunTrust asserts that even if, as it has been determined here, the filing of a lawsuit prior to the expiration of the rejection of arbitration deadline operates to give notice of the individual plaintiff's rejection of arbitration, the complaint cannot be brought as a class action because the filing of a class action cannot serve to reject the arbitration

clause on behalf of class members who have not individually given notice. Instead, SunTrust claims, its arbitration rejection clause is drafted in such a manner as to make it impossible for a class representative to act on behalf of class members in this lawsuit.   We disagree.

*Factual and procedural background*

On July 12, 2010, Jeff Bickerstaff, Jr., who was a SunTrust Bank depositor, filed a complaint against SunTrust on behalf of himself and all others similarly situated alleging the bank's overdraft fee constitutes the charging of usurious interest.[1]   At the time Bickerstaff opened his account, thereby agreeing to the terms of SunTrust's deposit agreement, that agreement included a mandatory arbitration provision.   In response to the ruling of a federal court in an unrelated action finding the arbitration clause in SunTrust's deposit agreement was unconscionable at Georgia law,[2] and after Bickerstaff's complaint had been filed, SunTrust amended the arbitration clause to permit a

---

[1]   Mr. Bickerstaff passed away after certiorari was granted in this appeal, and this Court granted the motion to substitute his legal representative as the appellant in this case.

[2]   *In re Checking Account Overdraft Litigation*, 734 F.Supp.2d 1279, 1292 (II) (E) and n. 15 (S.D. Fla. 2010), later overturned in *In Re Checking Account Overdraft Litigation, MDL No. 2036*, 459 Fed.Appx. 855, 858-859 (III) (11th Cir. 2012).   We note that after the Southern District of Florida opinion was issued, the United States Supreme Court ruled that a class action waiver in a contract arbitration clause is enforceable, and that the application of state law doctrine holding that such a waiver is unconscionable is pre-empted by the Federal Arbitration Act.  *AT&T Mobility LLC, v. Concepcion*, 563 U.S. 333 (131 SCt 1740, 179 LE2d 742) (2011).

window of time in which a depositor could reject arbitration by sending SunTrust written notification that complied with certain requirements. SunTrust had not notified Bickerstaff or its other customers of this change in the arbitration clause of the deposit agreement at the time Bickerstaff filed his complaint, but the complaint, as well as the first amendment to the complaint, was filed prior to the amendment's deadline for giving SunTrust written notice of an election to reject arbitration. It was only after Bickerstaff's complaint was filed that SunTrust notified Bickerstaff and its other existing depositors, by language printed in monthly account statements distributed on August 24, 2010, that an updated version of the deposit agreement had been adopted, that a copy of the new agreement could be obtained at any branch office or on-line, and that all future transactions would be governed by the updated agreement.

The section of the updated deposit agreement setting forth the arbitration agreement contained the right to reject provision which directed customers, in pertinent part, as follows:

**Right to reject arbitration agreement.** You may reject this arbitration agreement provision and therefore not be subject to being required to resolve any dispute, controversy or claim by arbitration. To reject this arbitration agreement provision, you must send the Bank written notice of your decision so that we receive it at the address listed below by the later of October 1, 2010 or within forty-five (45) days of the opening of your Account. Such notice must

include a statement that you wish to reject the arbitration agreement section of these rules and regulations along with your name, address, Account name, Account number and your signature and must be mailed to SunTrust Bank Legal Department, Attn: Arbitration Rejection, P.O. Box 2848, Mail Code 2034, Orlando, FL 32802-2848. This is the sole and only method by which you can reject this arbitration agreement provision. . . . You agree that our business records will be final and conclusive with respect to whether you rejected this arbitration agreement provision in a timely and proper fashion.

Bickerstaff was unaware of the arbitration rejection provision or its deadline until SunTrust filed a motion to compel arbitration on the first business day after the October 1, 2010, notice deadline. That motion was denied in an order finding Bickerstaff had substantially complied with the contract's arbitration rejection requirements when he supplied the required information to SunTrust in the pleadings filed by his attorney on his behalf prior to the notice deadline. On April 13, 2013, Bickerstaff moved to certify a class of all Georgia citizens with a SunTrust deposit agreement who, from a date four years prior to the date Bickerstaff filed his complaint, had at least one overdraft of $500.00 or less resulting from an ATM or debit card transaction and paid an overdraft fee on that transaction. That motion was also denied.[3]

---

[3] The deposit agreement also includes a jury trial waiver for all matters not submitted to arbitration that also stipulates that any such litigation is to proceed on an individual basis and not as part of a class action. Bickerstaff challenged the enforceability of this provision as being unconscionable

4

SunTrust appealed the order denying its motion to compel Bickerstaff to arbitrate his claim, and the Court of Appeals affirmed the trial court, finding that the information contained in the complaint filed by Bickerstaff's attorney substantially satisfied the notice required to reject arbitration. *Bickerstaff v. SunTrust Bank*, 332 Ga. App. 121 (1) (a) (770 SE2d 903) (2015). Bickerstaff appealed the order denying his motion for class certification, and in the same opinion the Court of Appeals affirmed that decision. Id. at (2). In considering Bickerstaff's appeal, the Court of Appeals held, in essence, that the contractual language in this case requiring individual notification of the decision to reject arbitration did not permit Bickerstaff to reject the deposit agreement's arbitration clause on behalf of other putative class members by virtue of the filing of his class action complaint. Id. at (2) (b). This Court granted Bickerstaff's petition for certiorari review.[4]

The requirements to obtain class certification are set forth in OCGA § 9-11-23 (a) and (b). "Under Georgia law, a case may proceed as a class action if

---

and unenforceable at Georgia law, but that challenge has not yet been addressed by the trial court and is not an issue in this appeal.

[4] SunTrust did not seek review of the Court of Appeals' ruling finding Bickerstaff substantially complied with the arbitration rejection notice requirements by filing his complaint.

all prerequisites of OCGA § 9-11-23 (a) are satisfied: numerosity, commonality, typicality, and adequacy, and if at least one ground of OCGA § 9-11-23 (b) is satisfied." *EarthLink, Inc. v. Eaves*, 293 Ga. App. 75, 76 (1) (666 SE2d 420) (2008).[5] Here, the trial court analyzed only the issue of numerosity, and found it was lacking in this case. The Court of Appeals affirmed, finding that pursuant to the terms of the deposit agreement, Bickerstaff could reject the arbitration agreement only for himself and not for any other depositor. Bickerstaff was deemed to have timely rejected the arbitration agreement for himself by filing his complaint prior to the deadline for notifying SunTrust of rejection of arbitration. But, the Court of Appeals opined, since Bickerstaff's complaint could not serve as notification of

---

[5] OCGA § 9-11-23 (a) reads as follows:

> (a) One or more members of a class may sue or be sued as representative parties on behalf of all only if:
>
> (1) The class is so numerous that joinder of all members is impracticable:
>
> (2) There are questions of law or fact common to the class;
>
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) The representative parties will fairly and adequately protect the interests of the class.

6

rejection of arbitration by any other depositor, the class consists of only one depositor and lacks numerosity for class certification. For reasons set forth below, we reverse.

*Legal analysis*

1. *Application of the rule of tolling to contractual limitations*

As we have previously noted, "[m]any provisions of OCGA § 9-11-23 were borrowed from Federal Rule of Civil Procedure 23, and for this reason, when Georgia courts interpret and apply OCGA § 9-11-23, they commonly look to decisions of the federal courts interpreting and applying Rule 23." *Georgia-Pacific Consumer Products, LP v. Ratner*, 295 Ga. 524, 525 at n.3 (1) (762 SE2d 419) (2014). In the 1974 landmark decision in *American Pipe and Construction Co. v. Utah*,[6] the Supreme Court of the United States applied Rule 23 and held that "the filing of a timely class action complaint commences the action for all members of the class as subsequently determined." Id. at 550. Accordingly, in *American Pipe*, the statute of limitation was tolled for all who made timely motions to intervene in the lawsuit after class certification was ultimately denied for failure to satisfy the requirement of numerosity. Id. at

---

[6] 414 U.S. 538 (94 SCt 756, 38 LE2d 713) (1974).

552-553. In the case filed by Bickerstaff, it is undisputed that the purported class numbers at least 1,000, and SunTrust has stipulated that it is unfeasible for so many depositors with relatively small claims to bring such claims individually. The determinative issue is whether the filing of Bickerstaff's complaint, thereby signaling his rejection of the arbitration agreement, tolled the time in which the putative class members were required to notify SunTrust of their intent to reject arbitration. The answer is yes.

Both this Court and the Court of Appeals have ruled that putative class representatives may satisfy certain conditions such as a limitation period for filing suit or making a claim on behalf of those class members who ratify the representatives' actions by remaining in the class after the class is certified. In *Schorr v. Countrywide Home Loans, Inc.*,[7] individual plaintiffs, who were mortgage borrowers, sought class certification for damages allegedly due the class members for the defendant lender's failure to comply with a statutory requirement to cancel a security deed, upon repayment of the loan, within the time set forth in the statute. This Court answered a certified question posed by the federal district court by holding that the named plaintiff in a class action

---

[7] 287 Ga. 570 (697 SE2d 827) (2010).

8

could satisfy the pre-suit written demand requirement of the applicable code section on behalf of putative class members. In *Barnes v. City of Atlanta*,[8] a group of plaintiffs, who were attorneys practicing law in that city, challenged the constitutionality of an occupational tax and sought tax refunds on behalf of a putative class of individuals pursuant to a statute that required exhaustion of administrative remedies by the taxpayer seeking a refund, including making a written claim prior to filing suit. This Court held that the named plaintiffs had satisfied those requirements for the class. The contractual notice requirements placed upon a depositor in this case do not preclude a class representative from acting on behalf of other depositors any more than the statutory requirements placed upon taxpayers precluded the *Barnes* class representatives from acting on behalf of other taxpayers. Indeed, the Court of Appeals has held that a class representative may satisfy contractual notice requirements. See *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 727 (1) (698 SE2d 19) (2010) (class certified in a case involving form credit life or credit disability insurance contracts that included a statement that unearned premiums would be refunded on written notice).

---

[8]   281 Ga. 256 (637 SE2d 4) (2006).

This Court, however, has never examined whether a party who files suit and seeks class certification may satisfy a contractual limitation period on behalf of absent class members. SunTrust argues no legal authority exists for the proposition that contractual deadlines become suspended by the filing of a class complaint. In fact, this issue has been addressed by other courts in cases involving disputes between passengers and cruise lines, and those courts held contractual deadlines may be tolled on behalf of putative class members by the filing of a class complaint. Both in cases applying federal class action law, as well as the law of at least one other state, courts have held that because the filing of a class action commences suit for the entire class for purposes of the statute of limitation, the same rule applies to a contractual period of limitation for filing suit or giving notice of a claim. See, e.g., *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F2d 1332 (11th Cir. 1984) (rejecting the argument that since plaintiffs had no authorization from other passengers, the suit seeking class certification filed by a small number of cruise line passengers did not operate as notice of a claim by the absent class members within a specified number of days as required by the ticket contract); *Freeman v. Celebrity Cruises, Inc.*, 1994 WL 689809 (S.D.N.Y, Dec. 8, 1994) (a contract requirement that a claim be filed with the defendant within a certain period of

time is satisfied by the filing of a claim by the plaintiff in a class action); *Latman v. Costa Cruise Lines, N.V.*, 758 So2d 699 (Fla. Dist. Ct. App. 2000) (rejecting the argument that as a prerequisite to maintaining a class action on behalf of passengers on a cruise line, every member of the class must submit a written claim within the limitation period contained on the ticket).

a. *Tolling the contractual limitation in this case does not violate Georgia contract law.*

SunTrust would have us exempt the application of such a rule to this case because it claims the terms of its deposit agreement specifically require individual action that can only be performed by the individual depositor. The arbitration clause states that "[y]ou may reject this arbitration agreement." In another part of the agreement, "You" is defined as "the owner of the account," and the agreement further states it is "not for the benefit of, and may not be enforced by, any third party." SunTrust asserts that permitting the attorney for a single depositor to reject arbitration on behalf of other depositors runs afoul of the plain language of the deposit agreement, and that permitting Bickerstaff to reject arbitration for other depositors with whom he is not in privity violates the substantive legal rights of these other parties by permitting the contract between SunTrust and these other depositors to be modified or altered by a

11

stranger to the contract. But we are unconvinced by SunTrust's argument that a contractual deadline requiring individual action may not be suspended until the certification of a class (and the attendant opportunity of class members to opt out or remain bound by the result of the class action) when it is clear that deadlines imposed by statutes or regulations requiring individual action can be suspended by the filing of a class action. See *Schorr*, supra (where the applicable statute required a pre-suit written demand for liquidated damages be filed by a claimant); *Barnes*, supra (requiring exhaustion of administrative remedies, including making a written claim, prior to filing suit for a tax refund). See also *American Pipe*, supra (even where the class ultimately was not certified, the statutory limitation period was tolled for all who made timely motions to intervene in the lawsuit once certification was denied).

In its analysis of this issue, the Court of Appeals focused on whether Bickerstaff was in privity with the putative class members so that he could toll the contractual limitation period for rejecting the arbitration clause, or whether he could act as a third party to do so. Finding that Bickerstaff was not in privity with the purported class members and was not authorized to act for the members as a third-party beneficiary of their accounts, the Court of Appeals concluded he could not reject the arbitration clause for anyone other than

12

himself. *Bickerstaff*, supra, 332 Ga. App. at 131. But this faulty reasoning ignores the fact that the entire class action scheme is based upon the premise that a member of a class may act as a representative of the other purported class members. See OCGA § 9-11-23 (a). If a class is certified and the putative members are notified, as set forth in subsection (c), a member may opt out, pursuant to subsection (c) (2), after which the class representative no longer represents that party. That the SunTrust contract requires individual notification of rejection of arbitration does not mean that Bickerstaff cannot act as a representative for that purpose until such time as a class member may opt out of such representation. Georgia contract law provides that contractual obligations may be performed by an agent, where personal skill is not required. OCGA § 13-4-20. Likewise, the law of agency provides generally that "[w]hatever one may do himself may be done by an agent . . . ." OCGA § 10-6-5. As the Eleventh Circuit held with respect to proofs of claim filed on behalf of a class of claimants in a bankruptcy proceeding, "the representative in a class action is an agent for the class members." *In re Charter Co.*, 876 F2d 866, 873 (11th Cir. 1989). A class action "is a device by which the representative is an agent for persons who have not appeared or given even tacit consent." *In re American Reserve Corp.*, 840 F2d 487, 493 (7th Cir.

13

1988).  The class representative is a putative agent who "keep[s] the case alive pending the decision on certification."  Id.

We reject SunTrust's assertion that permitting Bickerstaff's rejection of arbitration to be applied to other depositors illegally permits Bickerstaff to abridge the contractual rights of others.  The deposit agreement's arbitration clause grants the prevailing party the right to collect attorney fees and costs, and SunTrust points to the fact that those depositors who remain bound by the arbitration clause and do not reject it are thereby entitled to recover fees and expenses in the event they prevail in an arbitrated dispute.  Contrary to SunTrust's assertion, Bickerstaff does not argue he can reject arbitration for other depositors and thereby abrogate this contractual right to recover fees *prior to class certification and the subsequent election by class members to remain in the class or opt out of it.*  Again, Bickerstaff's complaint serves only to toll the contractual period for making such an election until such time as the class is certified, and does not improperly abridge the contractual rights of others.  Furthermore, courts routinely permit a putative class representative to seek a ruling invalidating contractual arbitration clauses prior to class certification. See, e.g., *Jackson v. Payday Fin.*, LLC 764 F3d 765, 779 (7th Cir. 2014) (putative class representative obtained pre-certification ruling that

14

arbitration provision is void); *Noohi v. Toll Bros., Inc.*, 708 F3d 599, 614 (4th Cir. 2013) (putative class representative obtained pre-certification ruling that arbitration provision is unenforceable for lack of mutual consideration); *In re Checking Account Overdraft Litigation*, 84 FSupp3d 1345 (S.D. Fla. 2015) (putative class representative obtained pre-certification ruling that arbitration provision is unconscionable). Once a class is certified, such rulings bind class members who do not opt out, thereby affecting their contractual rights. Invalidating an arbitration clause is no more of an alteration of contract rights than exercising a contractual right to reject arbitration.[9]

SunTrust notes that the arbitration rejection notice requirements involve more than simply meeting a deadline. It argues the terms of the contract must be enforced, and in this case that means in order to reject the arbitration clause each depositor must provide individual information: name, address, account

---

[9] SunTrust sets up a false dilemma—that in the interim between the filing of Bickerstaff's complaint and the time an election is made by a depositor (if a class is certified), it cannot know its own contractual rights with respect to its customers or know, for example, whether a dispute between the bank and a given depositor is governed by the arbitration clause or not. Practically speaking, if a depositor sues SunTrust and rejects SunTrust's demand to arbitrate on the ground that he or she timely rejected the arbitration clause at the time Bickerstaff's class action complaint was filed, then that depositor's election under the arbitration clause is obvious. By its terms, the contract's arbitration requirement also applies to the bank. Likewise, then, if the bank pursues a dispute with a depositor and files an arbitration claim against a customer and that customer responds by seeking dismissal on the ground that the customer rejects the arbitration clause, any uncertainty about the bank's rights based on the customer's rejection, or not, of the arbitration clause would appear to be resolved.

15

name, account number, and the depositor's signature. But this is frequently the case in class action disputes, and yet this does not typically defeat the pursuit of the claim as a class action so long as the class plaintiff has met the prerequisites for filing suit. The *Barnes* case involved a demand for refund of taxes paid, and although it had already been determined that the tax was unconstitutional, claimants were nevertheless subject to administrative exhaustion requirements that called for the individual filing of a written claim for refund that provided information required by the taxing authority, as set forth in the governing statute. *Barnes*, supra, 281 Ga. at 257-258. Nevertheless, this Court applied the general principles of class actions which hold that the satisfaction of a precondition for suit by the class plaintiff typically avoids the necessity for each class member to satisfy the precondition individually. Id. at 258. Likewise, *Schorr* involved a demand for liquidated damages that, by statute, required the claimant to make a written demand upon the lender who allegedly owed the statutory damages. Again, this Court applied "the general rule allowing the named plaintiffs in a class action to satisfy preconditions for suit on behalf of the entire class." *Schorr*, supra, 287 Ga. at 573. What is important is that the named plaintiff's fulfillment of each precondition and the filing of the class action provide notice of "the nature of

16

the suit, the governing law, and the extent of the class." Id. Compare *J.M.I.C. Life Ins. Co. v. Toole*, 280 Ga. App. 372, 374-375 (1) (b) (634 SE2d 123 (2006) (where the statute on which the class plaintiff filed suit did not require pre-suit notice, filing the suit satisfied the notice requirement on behalf of the individual class representative, and the Court of Appeals went on to affirm the certification of the class) to the facts of this case in which it has already been determined that the filing of the lawsuit provided notice of Bickerstaff's rejection of arbitration.

Bickerstaff's lawsuit informs SunTrust of the nature and scope of the claim and provides it with the information necessary to frame a legal defense to the claim of usury. As to the extent of the class, the identity of customers who are putative class members, and the individual information required from a depositor who rejects arbitration, the record shows SunTrust stipulated that its business records are sufficient to identify the customers who were charged an overdraft fee during the relevant period by name, account number, address, and the dates and amounts of the fees charged.

> b. *Tolling in this case does not illegally bind the putative class members to the class representative's decision to reject arbitration.*

The Court of Appeals further concluded that in order to satisfy the numerosity requirement, Bickerstaff "would have to legally bind class members to a rejection of the arbitration clause—at least until they opted out of the class itself once it was certified." *Bickerstaff*, supra, 332 Ga. App. at 130-131. But this analysis, based upon an assumption that a class cannot be certified unless Bickerstaff can legally bind putative class members before certification, thereby satisfying the numerosity requirement, again demonstrates a fundamental misconception about the way class actions work. The entire scheme of class actions, as set forth in OCGA § 9-11-23, is that all putative class members benefit from the class representative's filing of the complaint just as if each member had filed the complaint himself or herself. See *In Re American Reserve Corp.*, supra. The Court of Appeals disregarded "those principles which apply generally in class actions, including that which permits a representative to act on behalf of an entire class" with respect to a precondition for filing suit. *Barnes*, supra, 281 Ga. at 258. The Court of Appeals itself correctly noted that Bickerstaff was acting for the class members only until such time as they chose whether or not to opt out of the class. In damages class actions such as this one brought pursuant to OCGA § 9-11-23 (b) (3), a putative class representative cannot bind class members before a class

18

is certified and the members have the opportunity to opt out of the complaint. See OCGA § 9-11-23 (c) (2). It follows that in the interim, the filing of Bickerstaff's lawsuit simply serves to mark time and toll the contractual period of limitation for putative class members to elect to remain in the class or opt out of it after class certification. If a member opts out, he or she is not bound by Bickerstaff's decision to reject arbitration. The Court of Appeals' reliance upon *Standard Fire Ins. Co. v. Knowles,*[10] is misplaced. In that case, the Supreme Court held that a class plaintiff's jurisdictional amount stipulation could not bind absent class members to the amount in controversy prior to class certification. Here, Bickerstaff is not attempting to bind any other class member to rejection of arbitration prior to class certification; his class action complaint, in which he personally rejects arbitration, simply tolls the time in which the other putative class members may elect to opt out of the class action, or remain in it. A class member's decision to remain in the class after class certification and notification is what will serve as his or her own election to reject the arbitration clause.

---

[10] ___ U.S. ___ (133 SCt 1345, 185 LE2d 439) (2013).

19

In this case, both the trial court and the Court of Appeals deemed the filing of Bickerstaff's complaint, with respect to Bickerstaff himself, to have satisfied the contractual requirement that he rejected the arbitration clause in writing within the required period of time and, given the information contained within his complaint, to have satisfied the other notice requirements such as name, address, and account number. We add that, applying the reasoning of the Supreme Court in *American Pipe* and subsequent decisions of this and other courts, the filing of Bickerstaff's complaint tolled the required time period for giving notice to SunTrust for all putative class members until a certification decision is made and the notified class members elect whether to opt out or remain in the class. See *American Pipe*, supra, 414 U.S. at 551. This preserves the numerosity issue for a determination of whether the total number of putative class members whose contractual conditions have been tolled meets the numerosity requirement of OCGA § 9-11-23 (a) (1). To hold otherwise— that the filing of the class action complaint tolls the required time period for giving notice of a claim or filing suit only for the named plaintiff—would defeat numerosity in many cases in which any sort of notice requirement exists.

The concept of numerosity applies to the number of *putative* class members,[11] and does not require that the actual number of class members be determined before a class is certified. That Bickerstaff's rejection of the arbitration agreement by the act of filing his complaint does not bind others until the class is certified does not defeat numerosity.

2. *Relation back*

Assuming a class is certified in this case, as in any subsection (b) (3) class action, each class member will be notified and required to decide whether to opt out of the lawsuit. See OCGA § 9-11-23 (c) (2). At that point, each notified depositor will be exercising his or her own contractual right to reject, or not, the deposit agreement's arbitration clause. Bickerstaff will not be making that decision for the other depositors and thus will not be acting as a party to those depositors' contracts or as a person in privity with the other depositors, and will not be acting as a beneficiary of anyone else's deposit agreement. Any member of the certified class who remains and does not opt out of the class will be deemed to have brought suit at the same time

---

[11] William B. Rubenstein, Newberg on Class Actions § 3:13 (5th ed.) ("Generally, a plaintiff must show enough evidence of the class's size to enable the court to make commonsense assumptions regarding the number of *putative* class members." (Emphasis supplied.) )

21

Bickerstaff's complaint was filed, which was within the deadline for rejecting arbitration for existing depositors, the class Bickerstaff seeks to represent. See *Barnes*, supra, 281 Ga. at 257 (1).

Consistent with the law of agency, depositors who remain in the class will thereby ratify the filing of the complaint, and that ratification will relate back to the timely notice of rejection Bickerstaff made when he filed the complaint. See OCGA § 10-6-52. This is consonant with, and simply another aspect of, the tolling rule adopted by the Supreme Court in *American Pipe*, supra, whereby the commencement of class action satisfies the statute of limitation for all those who ultimately participate in the suit. As we have previously noted, in this case it is the class representative's timely notification of rejection of arbitration by filing the complaint that serves to toll the time for the remaining class members to give notice. And for those members who ratify the class representative's acts by remaining in the class, the complaint provides the necessary notice. It demonstrates the member's intent to sue SunTrust in a court of law and to reject the requirement to arbitrate the claim. Tolling and the notion of relation back are simply two sides of the same coin.

3. *Remaining enumeration of error*

In his remaining enumeration of error, Bickerstaff claims the Court of Appeals erred in failing to hold SunTrust is barred due to lack of assent and waiver from enforcing the deposit agreement's arbitration clause against all putative class members. In fact, the Court of Appeals did not address that ground for reversing the trial court because it deemed the issue to be moot as a result of its decision that class certification was properly denied. *Bickerstaff*, supra, 332 Ga. App. 132 (3). Upon remand to the Court of Appeals, that alleged trial court error remains to be addressed.

*Conclusion*

For the reasons set forth in this opinion, we reverse. We hold the terms of the arbitration rejection provision of SunTrust's deposit agreement do not prevent Bickerstaff's class action complaint from tolling the contractual limitation for rejecting that provision on behalf of all putative class members until such time as the class may be certified and each member makes the election to opt out or remain in the class. Accordingly, the numerosity requirement of OCGA § 9-11-23 (a) (1) for pursuing a class complaint is not defeated on this ground.

Judgment reversed and case remanded. All the Justices concur.

23