**SECOND DIVISION
MCFADDEN, P. J.,
ANDREWS AND RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 5, 2017**

# In the Court of Appeals of Georgia

A14A1780. BICKERSTAFF v. SUNTRUST BANK.

Rᴀʏ, Judge.

In *Bickerstaff v. SunTrust Bank*, 299 Ga. 459 (788 SE2d 787) (2016) (*Bickerstaff II*), the Supreme Court of Georgia reversed our previous decision in *Bickerstaff v. SunTrust Bank*, 332 Ga. App. 121 (770 SE2d 903) (2015) (*Bickerstaff I*), and remanded the case to this Court with the direction that we address an alleged error of the trial court's which we had deemed moot in our earlier opinion. See *Bickerstaff II*, supra at 470 (3). Accordingly, we adopt the judgment of the Supreme Court as our own and reverse the trial court's decision. We address the remaining alleged error, as discussed more fully below, by remanding the case to the trial court.

*Bickerstaff I* involved a dispute between bank customer Jeff Bickerstaff, Jr., and SunTrust over whether the parties were required to arbitrate their disagreement

over allegedly usurious bank card overdraft fees. *Bickerstaff I*, supra at 121-122. We affirmed the trial court's denial of class certification. Id. The Supreme Court reversed. It found, inter alia, that

> that the terms of the arbitration rejection provision of SunTrust's deposit agreement do not prevent Bickerstaff's class action complaint from tolling the contractual limitation for rejecting that provision on behalf of all putative class members until such time as the class may be certified and each member makes the election to opt out or remain in the class. Accordingly, the numerosity requirement of OCGA § 9-11-23 (a) (1) for pursuing a class complaint is not defeated on this ground.

*Bickerstaff II*, supra at 470 (3). As noted above, the Supreme Court also directed us to address whether the trial court erred in failing to find that SunTrust was barred from enforcing its arbitration clause against putative class members other than Bickerstaff. See *Bickerstaff I*, supra at 131 (3).

On remand to this Court, Bickerstaff has filed a suggestion of mootness and request for immediate remand, arguing that the Supreme Court's determination that absent class members may reject arbitration by remaining in the class moots any need to determine whether SunTrust waived its right to compel arbitration, and that an opinion on this issue would be advisory. SunTrust responds that the issue is not moot, but is unripe for consideration because no class has been certified.

2

The trial court has not ruled on the issue of whether SunTrust waived a right to compel arbitration against putative class members other than Bickerstaff. We decline to address this in the first instance here, see generally *Superior Roofing Co. of Ga., Inc. v. American Professional Risk Svcs., Inc.,* 323 Ga. App. 416, 423 (744 SE2d 400) (2013) and instead remand the matter to the trial court for determination, if necessary, if and when a class is certified.

*Judgment reversed and case remanded with direction. McFadden, P. J., and Andrews, J., concur.*